# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| R. SCOTT PUHN, | ) |
| BEVERLY PUHN, | ) |
| | ) |
|        Plaintiffs, | ) No. 1:06-cv-347 (EGS) |
| | ) |
|    v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|        Defendant. | |

## <u>UNITED STATES' MOTION TO DISMISS</u>

Under Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiffs' unauthorized collection claim, the Anti-Injunction Act bars the injunctive relief plaintiffs seek, and plaintiffs failed to properly serve the United States.

Specifically, plaintiffs have failed to demonstrate that they filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. <u>See</u> 26 U.S.C. § 7433(a); <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004). Moreover, plaintiffs have failed to state a claim for damages. Plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief. In addition it appears that plaintiffs seek to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl. ¶¶ 30, 31a, 31d). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection

taxes.  Thus, this Court may not grant injunctive relief.  Finally, the Court lacks personal

jurisdiction over the United States as plaintiffs failed to properly serve the United

States.  Neither the Internal Revenue Service nor the civil process clerk of the United

States Attorney's Office was served with a copy of the summons and complaint.

A supporting memorandum of law and proposed order are filed with this

motion.1/

DATED: July 3, 2006.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

---

1/  The allegations of Plaintiffs' complaint are substantially similar to more than
70 complaints filed recently in this district.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

R. SCOTT PUHN,                              )
BEVERLY PUHN,                               )
                                            )
                    Plaintiffs,             )     No. 1:06-cv-347 (EGS)
                                            )
          v.                                )
                                            )
UNITED STATES,                              )
                                            )
                    Defendant.              )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF UNITED STATES' MOTION TO DISMISS

The relief plaintiffs request in their complaint is an order for unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp. ¶ 30b) and apparently an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. ¶¶ 30, 31a, 31d).  The Court can not grant the requested relief.

### This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶ 31b).  This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F. Supp.2d

125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte

v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area

director which complies with the requirements of the regulations.  Instead, they state

that they may forego exhausting administrative remedies if it is futile or inadequate.

(Compl. ¶ 25).  Plaintiffs are incorrect.  Plaintiffs should have sent their administrative

claim to the area director to the attention of the compliance technical support manager

as required by 26 C.F.R. § 301.7433-1(e).  Because plaintiffs have not met their burden to

prove exhaustion of administrative remedies, this Court does not have jurisdiction over

their section 7433 claim, and the Court should dismiss the complaint.

### Plaintiffs Have Failed to State a Damages Claim

Plaintiffs' complaint is legally insufficient and should be dismissed under Fed. R.

Civ. P. 12(b)(6).  Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433,

and seek unspecified damages (Compl. ¶ 31b).  Plaintiffs' complaint is legally

insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Section 7433

permits a taxpayer to bring a civil action for damages against the government "[i]f, in

connection with the collection of federal tax with respect to a taxpayer, any officer or

employee of the Internal Revenue Service recklessly or intentionally disregards any

-3-

provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that they have not in fact stated such a claim. For example, plaintiffs do not describe the injuries they allegedly incurred. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiffs have failed to state a claim upon which relief can be granted, this Court should dismiss this case.

<u>Plaintiffs' Request for Injunction Is Barred by the Anti-Injunction Act</u>

It appears plaintiffs seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Compl. ¶¶ 30 31a, 31d). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiffs' claim. <u>See</u> 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United States</u>, 660 F. Supp. 12, 13 (D.D.C. 1987).

-4-

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  <u>See</u> <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiffs fail to identify the dates of any alleged "wrongful" collection, any specifics as to any alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and their entitlement to relief.  Primarily they merely express their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.

As for the second prong, plaintiffs have failed to demonstrate the existence of equitable jurisdiction.  Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies.  <u>See</u> <u>Foodservice & Lodging Institute</u>, 809 F.2d at 844-45; <u>Flynn</u> , 766 F.2d at 598.  In certain situations, plaintiffs can temporarily forestall collection — which is the ultimate relief they request— by requesting a "collection due process hearing" with the Internal Revenue Service.  <u>See</u> 26 U.S.C. § 6330.  Moreover,

they can fully pay the taxes and <u>then</u> file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the <u>Enochs</u> test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should dismiss this case.

<u>The Court Lacks Personal Jurisdiction over the United States</u>

In order to effect proper service on the United States, plaintiffs must obtain summonses and serve the summonses and complaint on the United States Attorney for the District of Columbia, the Attorney General for the United States, and the Internal Revenue Service.  <u>See</u> Fed. R. Civ. P. (4)(i)(1) and (2).  If a plaintiff attempts service by mail on the United States Attorneys Office, then it must be done by certified mail and addressed to the civil process clerk.  <u>See</u> Fed. R. Civ. P. (4)(i).  Service of a summons and complaint in the manner provided by Fed. R. Civ. P. 4 is both mandatory and jurisdictional. <u>See</u> <u>Moncrief v. Stone</u>, 961 F.2d 595 (6th Cir. 1992) (dismissing suit for failing to serve United States Attorney).  Upon information and belief, plaintiffs have not served the Internal Revenue Service with a summons and copy of the complaint.  Further, plaintiffs, who attempted service by certified mail on the United States Attorneys Office, did not address the summons to the civil process clerk, as required by Fed. R. Civ. P. 4 (i).  <u>See, e.g.</u>, <u>Rushing v. Leavitt</u>, 2005 WL 555415 *12 (D.D.C. Mar. 7,

2005) (finding defective service of process since civil process clerk was not served).

Since plaintiffs have failed to properly serve the United States, plaintiffs' complaint should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

In addition, this Court does not have personal jurisdiction over the United States, because the United States has not been properly served. The Court acquires personal jurisdiction over a defendant only if the defendant is properly served. Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); see also United Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1992) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." (citing Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991)); Amen v. Dearborn, 532 F.2d 554, 557 (6th Cir. 1976) ("Axiomatically, due process requires proper service of process in order to obtain in personam jurisdiction [].").  Since the plaintiffs have not properly served the United States, the Court lacks personal jurisdiction and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiffs' claim for damages because plaintiffs have failed to prove that they filed an administrative claim for damages.  Plaintiffs have failed to state a claim for damages.  Likewise, the Anti-

Injunction Act prohibits an injunction against the further collection of plaintiffs' taxes.

Finally, plaintiffs did not serve the Internal Revenue Service and the civil process clerk

of the United States Attorney's Office with a copy of the summons and complaint, thus

the Court lacks personal jurisdiction over the United States.   For all these reasons, the

Court should dismiss this action.

DATED: July 3, 2006.

                                        Respectfully submitted,


_____     /s/ Beatriz T. Saiz
                                        BEATRIZ T. SAIZ
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Ben Franklin Station
                                        Washington, DC 20044
                                        Phone/Fax: (202) 307-6585/514-6866
                                        Email: Beatriz T.Saiz@usdoj.gov


OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney